UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRILOGY FEDERAL, LLC,<br><br>    Plaintiff,<br><br>  v.<br><br>CIVITASDX, LLC, *et al.*,<br><br>    Defendants. | Civil Action No. 24-2713<br><br>Judge Beryl A. Howell |

### MEMORANDUM OPINION AND ORDER

  Plaintiff Trilogy Federal, LLC ("Trilogy"), a federal government contractor for financial management systems, sued defendants CivitasDX, LLC, Cognitive Medical Systems, Inc. ("CMS"), Halfaker and Associates ("Halfaker"), Science Applications International Corporation ("SAIC"), Client First Technologies, Inc. ("Client First"), and Kila Thomas, alleging misappropriation of trade secrets, breach of contract, tortious interference with contract, and tortious interference with a prospective business relationship. *See* Complaint, ECF No. 1. Two of these six defendants, CivitasDX, LLC and CMS ("moving defendants" or "CivitasDX and CMS"), have moved to dismiss or stay this litigation in light of pending related litigation initiated by these two defendants in the Southern District of California. Moving Defs.' Mot. to Dismiss or Stay Pursuant to the First-to-File Rule ("Moving Defs.' Mot."), ECF No. 31. Plaintiff opposed. Pl.'s Opp'n, ECF No. 35. For the reasons explained below, moving defendants' motion is denied.

**I. BACKGROUND**

  The basic facts as follows are also set out in this Court's memorandum opinion and order granting the motion to compel arbitration in a related case, *Trilogy v. General Dynamics Information Technology, Inc.*, 24-cv-2772 (BAH), ECF No. 18. Trilogy is a federal government

1

contractor that implemented and maintained financial management systems for the U.S. Department of Veteran Affairs ("VA") pursuant to a five-year contract starting in 2016. Compl. ¶ 1. In performing these services, Trilogy was the subcontractor to a prime contractor, SRA International, Inc. ("SRA"), which was subsequently acquired by General Dynamics Information Technology, Inc. ("GDIT"). *Id.* ¶¶ 1, 22. In 2021 when the VA opened the bidding process for renewal of that contract, both Trilogy and GDIT submitted bids, but separately this time, with new partners. *Id.* ¶¶ 24-26, 28. Trilogy submitted a proposal with B3 as its prime contractor, while GDIT submitted a bid with moving defendant CivitasDX as the prime contractor and Client First as a co-subcontractor. *Id.*; *Trilogy v. GDIT*, 24-cv-2772 (BAH), Compl. ¶¶ 12, 17 ("GDIT Compl."), ECF No. 1. CivitasDX is a joint venture of moving defendant CMS and defendant Halfaker, which is a subsidiary of SAIC. Compl. ¶¶ 11, 27.

Trilogy's proposal lost to the one submitted by GDIT and the moving defendants in this case. Compl. ¶ 3. According to Trilogy, through a former Trilogy employee, Kila Thomas, who now works for Client First, and/or through the 2016 bidding process, all of the parties affiliated with the winning bid—*i.e.*, GDIT, the moving defendants, SAIC, Halfaker, Client First, and Thomas—misappropriated Trilogy's trade secrets, in violation of the Defend Trade Secrets Act, 18 U.S.C. §§ 1836, *et seq.*, and the District of Columbia Uniform Trade Secrets Act, D.C. Code §§ 36-401, *et seq.*, and tortiously interfered with its prospective business relationship with the VA through their submission of the 2021 bid. *Id.* ¶¶ 29-30, 44-47, 60-87, 105-112; *Trilogy v. GDIT*, 24-cv-2772 (BAH), GDIT Compl. ¶¶ 63-97 (claims against GDIT). Trilogy also alleges a breach of contract by Thomas, Compl. ¶¶ 88-96, and tortious interference of its contract with Thomas by Client First, the moving defendants, Halfaker, and SAIC, *id.* ¶¶ 97-104.

In August 2024, plaintiff sent GDIT, CivitasDX, CMS, SAIC, Halfaker, Client First, and Thomas a demand letter and draft complaint with those allegations in an effort to resolve the dispute. *See* Pl.'s Opp'n at 3; *id.*, Decl. of Jennifer Semko ("Semko Decl.") ¶ 4, ECF No. 35-1; Semko Decl., Exhs. A and B, ECF Nos. 35-2, 35-3. That letter threatened filing suit if defendants did not want to discuss settlement in the subsequent nine days. Six days later, on August 27, 2024, moving defendants CivitasDX and CMS preemptively filed suit in the Southern District of California ("the California action") against Trilogy, requesting declaratory judgment with respect to the threatened causes of action by Trilogy and requesting declaratory relief and damages for alleged interference by Trilogy with its prospective business relationship with the VA. *CivitasDX LLC v. Trilogy Federal LLC* ("California Action"), 24-cv-1522 (MMA) (MSB) (S.D. Cal.), Complaint, ECF No. 1.

Then, on September 23, 2024, as threatened in its August demand letter, Trilogy filed the complaint in this matter. *See* Compl. This complaint names as defendants CivitasDX, CMS, SAIC, Halfaker, Client First, and Thomas. Trilogy separately filed a similar complaint against GDIT on September 27, 2024, *Trilogy v. GDIT*, 24-cv-2772 (BAH), GDIT Compl., which was not consolidated with this case due to concerns about a conflict of interest with counsel. Pl.'s Response to Show-Cause Order Regarding Consolidation of Cases, ECF No. 26.

In November, moving defendants CivitasDX and CMS requested an extension of time to respond to the complaint in this matter until after the conclusion of the Early Neutral Evaluation ("ENE") in the California action, which was scheduled for January 2025. *See* Defs.' Mot. for Extension of Time, ECF No. 17. The Court initially granted that request, *see* Min. Order (Oct. 21, 2024), but upon consideration of other defendants' follow-on requests and Trilogy's

3

opposition, vacated the extension and instead ordered all defendants to respond to the complaint on the same schedule in early December, *see* Min. Order (Nov. 13, 2024).

Moving defendants, CivitasDX and CMS, then filed the pending motion to dismiss or stay the litigation in light of the California action. Moving Defs.' Mot. Two other defendants, SAIC and Halfaker, have moved to dismiss the complaint for failure to state a claim under Rule 12(b)(6), *see* Defs. SAIC and Halfaker's Mot. to Dismiss, ECF No. 30, while the remaining two defendants, Client First and Thomas, have filed answers, Defs. Client First and Thomas's Answer to Compl., ECF No. 28. Meanwhile, in the California action, the parties exchanged early discovery, held the ENE, which did not result in settlement, and CivitasDX and CMS filed an amended complaint with additional claims. *See* Defs.' Mot. for Extension of Time ¶ 3; California Action, Min. Entry (Jan. 14, 2025), ECF No. 18; *id.*, Amended Complaint, ECF No. 21; Defs.' Reply in Supp. of Defs.' Mot. ("Defs.' Reply") at 1, ECF No. 39. No dispositive briefing has yet taken place in the California Action.

## II.    LEGAL STANDARD

Given the inefficiency of having "parallel litigation of factually related cases in separate fora," district courts have discretion to dismiss or stay a pending suit while a parallel suit proceeds. *Handy v. Shaw, Bransford, Veilleux & Roth*, 325 F.3d 346, 349 (D.C. Cir. 2003). "The usual 'rule in this circuit has been that where two cases between the same parties on the same cause of action are commenced in two different Federal courts, the one which is commenced first is to be allowed to proceed to its conclusion first.'" *UtahAmerican Energy, Inc. v. Dep't of Labor*, 685 F.3d 1118, 1124 (D.C. Cir. 2012) (quoting *Wash. Metro. Area Transit Auth. v. Ragonese*, 617 F.2d 828, 830 (D.C. Cir. 1980)). "The decisions recognizing the first-in-time rule note," however, that "'equitable considerations' may weigh against applying it in

particular cases." *Id.*; *see also Handy*, 325 F.3d at 350 ("[W]e have emphasized that the district court must balance equitable considerations rather than using 'a mechanical rule of thumb.'") (quoting *Columbia Plaza Corp. v. Sec. Nat'l Bank*, 525 F.2d 620, 628 (D.C. Cir. 1975))).

Such equitable factors include the convenience and efficiency of proceeding in each forum, such as whether all parties are present in both cases, the location of witnesses, and the stage of the respective proceedings. *See Columbia Plaza*, 525 F.2d at 627-30. The court may also take into account whether full and complete adjudication of all issues may be achieved before that court. *Cf. Brillhart v. Excess Ins. Co. of Am.*, 316 U.S. 491, 495 (1942); *see Lewis v. NFL*, 813 F. Supp. 1, 4-5 (D.D.C. 1992). How closely in time the two suits were filed, and whether the first plaintiff filed a preemptive strike or "an anticipatory suit (usually a declaratory judgment action) in a preferred forum" to deprive the second plaintiff the forum of their choice, may also be important factors. *Baatz v. Columbia Gas Transmission, LLC*, 814 F.3d 785, 792-93 (6th Cir. 2016); *Stone & Webster, Inc. v. Ga. Power Co.*, 965 F. Supp. 2d 56, 61 (D.D.C. 2013).

## III.   DISCUSSION

The California action was indisputably filed before this action and involves common parties and factual disputes. Moving Defs.' Mem. at 5-6; *see* Pl.'s Opp'n at 3, 7. The parties dispute, however, whether the equitable factors warrant departure from the first-to-file rule. Given that several factors weigh heavily against application of the first-to-file rule, this rule is not applied here, and defendants' motion is denied.

### A.   Preemptive Strike

First, the California action was a preemptive strike by defendants. Just days after receiving Trilogy's letter indicating Trilogy's intent to file suit in the District of Columbia, the moving defendants filed in the Southern District of California claims for declaratory relief establishing defendants did not misappropriate Trilogy's trade secrets, tortiously interfere with

any contract, or tortiously interfere with any prospective business relationship. *See* California Action, Compl. (Aug. 27, 2024); Semko Decl., Exhs. A and B (letter dated Aug. 21, 2024). The moving defendants clearly intended to beat Trilogy to the courthouse door, filing the inverse suit of the one anticipated by Trilogy in their preferred forum. In light of this gamesmanship, "[w]hen the [first-filed] declaratory judgment action has been triggered by a notice letter, this equitable consideration" weighs in favor of "allowing the later filed action to proceed to judgment in plaintiff['s] chosen forum." *Thayer/Patricof Educ. Funding, LLC v. Pryor Res., Inc.*, 196 F. Supp. 2d 21, 30 (D.D.C. 2002) (first alteration in original) (quoting *Factors Etc., Inc. v. Pro Arts, Inc.*, 579 F.2d 215, 219 (2d Cir. 1978)); *see also Int'l Painters & Allied Trades Indus. Pension Fund v. Painting Co.*, 569 F. Supp. 2d 113, 115-17 (D.D.C. 2008) (holding that the "equities" did not "support applying the first-to-file rule" in part because of the defendant's preemptive strike, described as "fil[ing] the [declaratory judgment] Ohio action with full knowledge of the plaintiffs' intention to file suit, specifically in the United States District Court for the District of Columbia, if the defendant did not respond within ten days").

The moving defendants resist this characterization, contending that their filing was not the kind of *improper* anticipatory filing that should weigh against application of the first-to-file rule. Moving Defs.' Reply at 5-8. According to the moving defendants, their California filing should not cause concern, first, because they were not forum shopping, pointing to the Southern District of California as where they are "home" and where the facts giving rise to the dispute occurred, making that venue proper. *Id.* at 6. Second, the moving defendants contend that they are "true" plaintiffs in that action because in addition to the request for declaratory judgments, which if successful would preclude plaintiff's claims against them, the moving defendants requested damages in their original complaint for tortious interference by Trilogy and added

claims based on false advertising, unfair competition, and trade libel, among others, in their amended complaint. *See id.* at 6-7; California Action, Compl. ¶¶ 76-81; *id.*, Amended Complaint ¶¶ 64-97, 104-110.

Neither point is persuasive. Defendants' filing in California, even if motivated by practical concerns for a more convenient forum rather than perceived tactical advantage, *see* Moving Defs.' Mem. at 8, still represents an effort to preempt plaintiffs' action to secure its preferred forum, an effort which the law disfavors. *See, e.g., Thayer/Patricof Educ. Funding*, 196 F. Supp. 3d at 30. Further, the moving defendants cannot credibly be characterized as "true" plaintiffs in California. None of their claims is based on a distinct, independent cause of action: All of their claims were pled under the Declaratory Judgment Act in direct response to Trilogy's claims, as outlined in the August demand letter. California Action, Compl. ¶¶ 36-81. The sole request for damages due to "Trilogy's tortious interference with [CivitasDX and CMS's] prospective business relationship with the VA" in their 2024 bid—the claim that moving defendants describe as "offensive," Moving Defs.' Reply at 6— is, too, based on Trilogy's "threats of litigation" and not any separate dispute. *Id.* ¶¶ 76-81. The addition of *new* causes of action after initial discovery to allow the moving defendants to appear like true plaintiffs with "affirmative" claims, Moving Defs.' Reply at 6, smacks of gamesmanship. That such claims were only realized after discovery reinforces that Trilogy is the "true" plaintiff and the moving defendants' allegations are better-suited as counterclaims. "The preemptive and declaratory nature of defendants' [California] action is a strong factor, [therefore], counseling against rigid application of the first-filed rule." *Thayer/Patricof Educ. Funding*, 196 F. Supp. 2d at 31.

B.   **Complete Adjudication of All Issues**

Second, regarding the ability to fully and fairly adjudicate all related issues, this Court is better situated than the Southern District of California, so proceeding there would be inefficient.

7

*See Int'l Painters*, 569 F. Supp. 2d at 117 (noting that all related disputes could be resolved in the instant court and declining to apply the first-to-file rule).  All parties relevant to the disputes about bidding for the 2021 VA contract (Trilogy, GDIT, CivitasDX, CMS, Halfaker, SAIC, Thomas, Client First) are before this Court, either in the instant litigation or the related case against GDIT.  By contrast, only moving defendants, CivitasDX and CMS, and Trilogy are involved in the California action.  Although each defendant's liability is based on its own actions, as defendants emphasize, *see* Moving Defs.' Mem. at 9; Moving Defs.' Reply at 10-11, some general facts underlie the dispute against each defendant such that having all claims before the same court would aid efficiency.  For instance, evidence about what information was conveyed from GDIT to CivitasDX and CMS would clearly be relevant to the liability of GDIT, CivitasDX, and CMS.  That same evidence could also be pertinent to the liability of, or defenses asserted by, other defendants, like Client First and Thomas.  Requiring Trilogy to prove such facts both in the California Action and before this Court, in litigation against the other defendants, would be inefficient and burdensome.  Moreover, the moving defendants' claims against Trilogy in the California Action may be properly brought as counterclaims before this Court, allowing for all related issues to be resolved here.

### C.    Other Convenience and Efficiency Considerations

Third, in addition to the presence of all of the parties before this Court, other convenience and efficiency factors weigh in favor of continuing this action.  *See Stone & Webster*, 965 F. Supp. 2d at 61 (listing relevant factors, including whether the cases have progressed very far, the location of witnesses, and the interest in deciding local controversies at home).  Most of the witnesses, parties, and facts have a stronger connection to the D.C. area than to California.  Trilogy is based in Arlington, Virginia, and the other parties, besides CivitasDX and CMS, are also based in northern Virginia.  Compl. ¶¶ 9-11, 13-15; Pl.'s Opp'n, Declaration of Eric McNutt

("McNutt Decl.") ¶¶ 3, 14.  All of the work performed under the 2016 and 2021 contracts occurred in the D.C. area, McNutt Decl. ¶ 6; the alleged trade secrets were developed here in working with the VA's Office of Information Technology (based in D.C.), *id.*; Compl. ¶¶ 32-36; the alleged solicitation of employees occurred here, Compl. ¶¶ 49-51; McNutt Decl. ¶ 15; and at least several of the probable witnesses (Thomas, personnel at Trilogy, Client First, and Halfaker, and relevant personnel at CivitasDX) are located in the D.C. area, *id.* ¶¶ 10, 15, 18-19; Compl. ¶¶ 9, 11, 13-15.  *See Columbia Plaza*, 525 F.2d at 628 (noting, in favor of continuing the instant action, that "[t]he witnesses . . . are in or *near* the District of Columbia" (emphasis added)).

The moving defendants insist, to the contrary, that the dispute is closely connected to California because that is where these defendants are located and where the 2021 proposal, at least from these defendants' perspective, was prepared.  *See* Defs.' Mem. at 7-8; Defs.' Reply at 12-13.  Trilogy disagrees, countering that even the relevant CivitasDX employee who worked on the proposal was located in the D.C. area, not in San Diego.  Pl.'s Opp'n at 15-16; McNutt Decl. ¶¶ 18-19.  Regardless, given that Trilogy and all of the other defendants are located in the D.C. area and Trilogy's central allegations of misconduct involve work performed and contracts formed in or around the D.C. area, Compl. ¶¶ 35, 37-39, 44, 46, 49, 51, the litigation as a whole is more linked to this district.  Defendants also contend that the harm from Trilogy's tortious interference is experienced in California, Defs.' Reply at 3-4, but that point is neutral at best: Trilogy's harm from the tortious interference Trilogy alleges, on the other hand, is experienced in the D.C. area.

The moving defendants further attempt to draw a meaningful distinction between the District of Columbia, where none of the parties are located, and Virginia, where all the other parties are located, to argue that D.C. should not be a favored forum.  *See* Defs.' Reply at 12

9

("The fact that [Trilogy] has chosen [the District of Columbia for its] forum is entitled to less deference than it otherwise would be because [Trilogy] is a non-resident who lacks a substantial connection to the chosen forum." (quoting *Villa v. Salazar*, 933 F. Supp. 2d 50, 57 (D.D.C. 2013))). Considering, however, that Trilogy is located just across the Potomac River in Arlington, and contracts with government agencies in D.C., Trilogy hardly lacks "substantial connection" to its chosen forum. The other defendants are also headquartered in very close proximity to the District.[1] The distinction between northern Virginia and the District itself is negligible when weighing convenience factors for parties and witnesses, especially when the other potential forum is in San Diego.

Regarding the relative progress of the suits, neither the California Action nor the cases before this Court have "progressed very far," and on balance, the suits before this Court are further along, which weighs against application of the first-to-file rule. *See Federation Internationale de Football Ass'n v. Nike, Inc.*, 285 F. Supp.2d 64, 68 (D.D.C. 2003) (citing the fact that "the two suits were filed closely together in time and neither has progressed very far" as "militat[ing] against" application of the first-filed rule). Although the California action was filed about a month before this one, *compare* California Action, Compl. (Aug. 27, 2024); *and* Compl. (Sep. 23, 2024), and proceeded to some early discovery and an ENE with initial settlement discussions, which defendants argue indicate that the California action is further along, Moving Defs.' Reply at 9-10, both cases before this Court have fully briefed potentially dispositive motions. *See* Moving Defs.' Mot.; Defs. SAIC and Halfaker's Mot. to Dismiss; *Trilogy v. GDIT*, 24-cv-2772 (BAH), Def.'s Mot. to Compel Arb., ECF No. 12. The main purpose behind the

---

[1] Halfaker, like Trilogy, is located in Arlington, Compl. ¶ 13; GDIT is in Falls Church, Virginia, which borders Arlington, *Trilogy v. GDIT*, 24-cv-2772 (BAH), Compl. ¶ 12, ECF No. 1; and SAIC is in Reston, Virginia, while Client First and Thomas are in Fairfax, Virginia, which are only slightly further out, Compl. ¶¶ 11, 14-15.

10

first-to-file rule—the ease and efficiency in having the more advanced suit proceed—thus does not apply here.

Defendants argue that even if some of the equitable factors favor proceeding with the instant case, the Court does not start the inquiry from a position of neutrality and, instead, there must be "sound reason[s] that would make it unjust or inefficient to continue the first filed action," to *overcome* the general rule. *Intervet Inc. v. Merial Ltd.*, 535 F. Supp. 2d 112, 115 (D.D.C. 2008) (alteration in original) (quoting *Genentech, Inc. v. Eli Lilly & Co.*, 998 F.2d 931, 937 (Fed. Cir. 1993), *abrogated on other grounds by Wilton v. Seven Falls Co.*, 515 U.S. 277 (1995)); *see* Moving Defs.' Mem. at 5; Moving Defs.' Reply at 8. Assuming that is the proper standard despite *Intervet*'s differing posture—that case concerned two parallel cases before the *same* court, *see id.* at 114-15—the factors discussed, *supra* in Parts III. A, B, and C, constitute such sound reason. The moving defendants' gamesmanship in filing a declaratory action, combined with the ability for this Court to adjudicate all disputes between all of the parties involved and the other parties' and the underlying dispute's connection to the District, make clear that the interests of fairness to the parties and efficiency for both the parties and the courts favor proceeding with the litigation here.

IV. ORDER

For the reasons explained, it is hereby—

**ORDERED** that defendants' Motion to Dismiss or Stay is **DENIED**.

Date: February 5, 2025

                                                                                                      _____
                                                                                                      **BERYL A. HOWELL**
                                                                                                      United States District Judge