IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TRILOGY FEDERAL, LLC,<br><br>                Plaintiff,<br><br>     v.<br><br>CivitasDX LLC, et al.,<br><br>                Defendants. | Case No. 1:24-cv-02713-BAH |

**JOINT MEET AND CONFER REPORT**

Pursuant to the Court's Order dated February 9, 2025 and Standing Order, Fed. R. Civ. P. 26(f) and Local Civil Rule 16.3, the Parties, through their respective undersigned counsel, submit this Joint Meet and Confer Report following their meet and confer conducted on February 20, 2025.

**Statement of the Case and Statutory Basis of Jurisdiction**

Plaintiff, Trilogy Federal, LLC ("Trilogy") brings this case against Defendants CivitasDX, LLC ("CivitasDX"), Cognitive Medical Systems, Inc. ("Cognitive"), Science Applications International Corporation ("SAIC"), Halfaker and Associates, LLC ("Halfaker"), Client First Technologies, Inc. ("Client First"), and Kila Thomas (collectively, "Defendants"). Trilogy alleges that Defendants misappropriated Trilogy's trade secrets to prepare a technical proposal for their bid to win a 2021 contract with the United States Department of Veterans Affairs (the "VA") to implement and maintain the VA's Financial Management System ("FMS") and Management Information Exchange ("MinX") system (the "2021 VA Contract"). (*See* Dkt. No. 1.)

Defendants deny Trilogy's allegations and refer the Court to their filed or forthcoming Answers and Affirmative Defenses to Plaintiff's Complaint. Trilogy has requested Defendants' consent to its filing of an amended complaint, and Defendants are evaluating Trilogy's request in

the context of their further discussions. Regardless of whether Defendants consent to the filing of an amended complaint, Defendants reserve the right to submit an updated Answer or other responsive motion in response to any new allegations raised in Trilogy's Amended Complaint.

The statutory basis of the Court's jurisdiction is 28 U.S.C. § 1331, as some of Trilogy's claims arise under the laws of the United States. The Court has supplemental jurisdiction over Trilogy's state law claims pursuant to 28 U.S.C. § 1367.

**Defendants' further statement:** A related case pending before this Court is *Trilogy Federal, LLC v. General Dynamics Information Technology, Inc.* ("GDIT"), Case No. 1:24-cv-02772-BAH (D.D.C) (hereafter the "*GDIT* Case"). Trilogy informed the Court that it filed the *GDIT* case separately "to avoid a potential conflict of interest triggered by [its counsel's] representation of an affiliate of General Dynamics Information Technology, Inc.," ECF No. 26 at 1. This Court subsequently granted GDIT's motion to stay and compel arbitration, *GDIT* Case at ECF No. 18.

Previously, Trilogy indicated that it had "no objection to the consolidation of the two cases," so as to "to coordinate briefing schedules, discovery deadlines, court appearances and other pre-trial activities in the two cases, in order to maximize efficiencies and for the convenience of the Court and the parties." ECF No. 26 at 1. Defendants take the position that there are overlapping issues between the *GDIT* Case and this case, for example, whether GDIT or Trilogy owns the alleged trade secrets and/or confidential information and whether Defendants allegedly improperly received Trilogy's trade secrets and/or confidential information from GDIT. During the parties' meet and confer conducted on February 20, 2025, Trilogy confirmed that it intends to pursue its claims, whether based on Kila Thomas or GDIT as a source of its alleged trade secrets allegedly conveyed to the Defendants in this case. Defendants in this case intend to move to consolidate the

cases and/or stay this case pending the outcome of the GDIT arbitration. Trilogy intends to oppose that motion.[1]

**Trilogy's further statement:**  Trilogy will oppose any request by the Defendants to delay discovery or stay the instant litigation on the basis of the separate GDIT litigation, which may or may not be subject to arbitration, depending upon the arbitrators' ruling with respect to arbitrability.  Trilogy's prior representation to this Court at the outset of the litigation, prior to GDIT's motion to compel arbitration, that it would not oppose consolidation of this case with the *GDIT* Case should not be treated as a "concession" that a stay of this litigation would be appropriate.

As Defendants' note in footnote 1, CivitasDX and Cognitive (the "Cognitive Defendants") on Friday, February 21, 2025, proposed to transfer their pending California action to this Court, presumably so as to include their Lanham Act, "false advertising" and other claims against Trilogy within the scope of Defendants' forthcoming motion to stay this action.  Trilogy is considering that proposal; however, Trilogy notes that the Cognitive Defendants previously rejected Trilogy's request that they voluntarily dismiss the California action and pursue any counterclaims in this Court, following this Court's ruling on the Cognitive Defendants' motion to dismiss pursuant to the first-to-file rule (ECF No. 40).  This forced Trilogy to incur the unnecessary expense of filing a motion to dismiss the California action for lack of personal jurisdiction and on the grounds that the parties' dispute should be heard in this Court.  That motion is pending.

---

[1] On February 21, 2025, Defendants CivitasDX and Cognitive offered to stipulate to transfer their case filed in San Diego to this Court. *See CivitasDX LLC et al v. Trilogy Federal, LLC*, Case No. 3:24-cv-01522-MMA-MSB (S.D. Cal.).  Defendants CivitasDX and Cognitive wrote to Trilogy that "Given what CivitasDX/Cognitive learned on yesterday's call [on February 20, 2025] with Trilogy – that Trilogy intends to keep its GDIT source theory alive in the DC case against CivitasDX/Cognitive – CivitasDX/Cognitive are agreeable to transferring the entire SD case to be consolidated with the DC case."  Defendants CivitasDX and Cognitive were previously uncertain whether Trilogy was only proceeding with its Kila Thomas source theory in this case.

3

**Local Rule 16.3 Matters**

1. **Likelihood of Disposition by Dispositive Motions (Local Civil Rule 16.3(c)(1)):** On February 5, 2025, the Court denied CivitasDX and Cognitive's Motion to Dismiss pursuant to the first-to-file rule. (*See* Dkt. No. 40.) On February 9, 2025, the Court denied in part and granted in part SAIC and Halfaker's Motion to Dismiss for failure to state a claim, maintaining Trilogy's trade secrets misappropriation claims, but dismissing without prejudice Trilogy's claims against SAIC and Halfaker for tortious interference with a contract and tortious interference with a prospective business relationship. (*See* Dkt. No. 43.)

Trilogy has requested Defendants' consent to the filing of an amended complaint or, alternatively, will seek leave of Court to amend its complaint. Defendants reserve the right to file motions to dismiss in response to Trilogy's amended complaint. Because the Court has already ruled that Trilogy has adequately pleaded its claims for federal and state trade secret misappropriation (Dkt. No. 43), however, any future Rule 12(b)(6) motions will not fully dispose of the case.

In the event discovery reveals that Plaintiff does not, in fact, own the alleged trade secrets at issue in this action, Defendants may file a motion to dismiss for lack of subject matter jurisdiction on the basis of standing.

2. **Amendment of Pleadings, Joinder, Narrowing Issues (Local Civil Rule 16.3(c)(2)):** Assuming Defendants will not consent to the filing of its amended complaint, Trilogy intends to seek leave to amend its Complaint and will do so on or before February 28, 2025.

3. **Assignment to Magistrate Judge (Local Civil Rule 16.3(c)(3)):** The Parties do not agree to assign this case to a magistrate judge for the purposes of trial.

4. **Possibility of Settlement (Local Civil Rule 16.3(c)(4)):** Trilogy and Defendants CivitasDX and Cognitive participated in a court-sponsored mediation in a California in a related declaratory judgment action on January 14, 2025; however, the parties did not settle. All Parties remain open to the possibility of resuming settlement discussions in the future.

5. **Benefit from Alternative Dispute Resolution Procedures (Local Civil Rule 16.3(c)(5)):** The Parties have discussed ADR options with their clients, and the Parties do not see a benefit to participating in the Court's ADR procedures at this time.

6. **Resolution by Summary Judgment or Motion to Dismiss (Local Civil Rule 16.3(c)(6)):** The Court has already ruled on CivitasDX, Cognitive, SAIC, and Halfaker's Motions to Dismiss. (*See* Dkt. Nos. 40 and 41.) Defendants reserve the right to file new motions to dismiss in response to Trilogy's forthcoming Amended Complaint.

The Parties propose the following briefing schedule for motions for summary judgment:

- Deadline to File Motions for Summary Judgment: 30 days after the close of fact and expert discovery
- Deadline to File Oppositions to Dispositive Motions: 30 days after motion
- Deadline to File Replies in Support of Dispositive Motions: 14 days after opposition
- Proposed Date for Decision: 30 days after completion of briefing

7. **Stipulations Regarding Initial Disclosures (Local Civil Rule 16.3(c)(7); Federal Rule of Civil Procedure 26(f)(3)(A)):** It is Trilogy's position that discovery should begin now, and the Parties should exchange initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) by March 13, 2025. It is Defendants' position that the Parties should not begin discovery until the parties exchange initial disclosures 14 days after all Defendants have filed their respective answers to the amended complaint.

**8. Discovery (Local Civil Rule 16.3(c)(8); Federal Rule of Civil Procedure 26(f)(3)(B), (E)):** The Parties agree that the Federal Rules of Civil Procedure and Local Rules of this Court govern the proper limits on discovery, without the need for any modifications.

The Parties also agree that a protective order governing the disclosure and treatment of confidential information will be necessary and will submit a motion for entry of an agreed protective order by March 7, 2025, if the Parties are able to reach agreement regarding its terms. In the event the Parties are unable to jointly agree to an appropriate protective order, any Party may move the Court for entry of a protective order.

The Parties have been unable to reach agreement on a case schedule. The Parties' competing proposals for a case schedule are set forth below:

| Event | Trilogy's Proposal | Defendants' Proposal (unless the case is stayed) |
|---|---|---|
| Exchange of Rule 26(a)(1) Initial Disclosures | March 13, 2025 | 14 days after all Defendants have filed their respective answers to the Amended Complaint |
| Trilogy's Final Disclosure of its Alleged Trade Secrets | Trilogy opposes setting this event, which is not required by the Federal Rules of Civil Procedure or the Local Rules of this Court | May 9, 2025 |
| Fact Discovery closes | October 10, 2025 | 10 months after the last answer to the amended complaint is filed |
| Opening Expert Reports due | November 10, 2025 | 30 days after the close of fact discovery |
| Rebuttal Expert Reports due | December 10, 2025 | 30 days after opening expert reports |
| Expert depositions completed | January 16, 2026 | 30 days after rebuttal expert reports |

6

The Parties were not able to reach agreement regarding a proposed Scheduling Order. Thus, submitted with this Joint Meet and Confer Report are Plaintiff's Proposed Scheduling Order and Defendants' Proposed Scheduling Order.

9. **ESI Protocols (Local Civil Rule 16.3(c)(9); Federal Rule of Civil Procedure 26(f)(3)(C)):** The Parties agree that the exchange of discovery in this case will include electronically stored information ("ESI") and have been advised by their respective counsel to preserve all relevant, reasonably accessible ESI. The Parties will meet and confer at a later date to establish a reasonable ESI search and production protocol.

10. **Privilege (Local Civil Rule 16.3(c)(10); Federal Rule of Civil Procedure 26(f)(3)(D)):** The Parties do not anticipate any issues with regard to privileged matters; however, any such issues should be addressed on a case-by-case basis in accordance with applicable rules. All Parties agree to produce a privilege log in the event they assert claims of privilege in response to any discovery request for documents that existed before August 21, 2024. Privileged documents created on or after August 21, 2024 that relate to the litigation between the Parties need not be logged.

11. **Expert Witnesses (Local Civil Rule 16.3(c)(11)):** The Parties' respective positions regarding expert discovery deadlines are provided in No. 8 above.

12. **Class Actions (Local Civil Rule 16.3(c)(12)):** The Parties agree this is not applicable.

13. **Bifurcation of Trial or Discovery (Local Civil Rule 16.3(c)(13)):** Defendants' intended motion for consolidation and/or to stay this action pending the outcome of the GDIT arbitration may include an alternative request to bifurcate GDIT-related discovery related to

Plaintiff's standing from other discovery in this case. It is Trilogy's position that no bifurcation is appropriate or necessary.

14. **Pretrial Conference (Local Civil Rule 16.3(c)(14)):** The Parties agree that a pretrial conference should be scheduled at a later date, following the resolution of any summary judgment motions filed with the Court.

15. **Firm Trial Date (Local Civil Rule 16.3(c)(15)):** The Parties agree that no firm trial date should be set at this time. Instead, the Parties agree that a trial date should be set at the pretrial conference.

16. **Other Matters (Local Civil Rule 16.3(c)(16)):** For the Court's awareness, on February 14, 2025, Trilogy filed a motion to dismiss the amended complaint filed by CivitasDX and Cognitive against Trilogy in the U.S. District Court for the Southern District of California: *CivitasDX, LLC and Cognitive Medical Systems, Inc. v. Trilogy Federal, LLC*, Civ. No. 24-cv-1522-MMA-MSB (S.D. Cal. 2024). Briefing on that motion is not yet complete, and the Southern District of California Court has not ruled on the motion.

Dated: February 24, 2025                    Respectfully submitted,

                                            */s/ Jennifer Ancona Semko*
                                            Jennifer Ancona Semko (Bar No. 481119)
                                            Brian Whisler (Bar No. 1014064)
                                            Grayson Myers (Bar No. 90021305)
                                            BAKER McKENZIE LLP
                                            815 Connecticut Avenue, NW
                                            Washington, DC 20006
                                            Tel: (202) 452-7000
                                            Fax: (202) 416-7055

                                            *Attorneys for Plaintiff Trilogy Federal, LLC*

Dated: February 24, 2025                               SNELL & WILMER L.L.P.


                                                                           By: *Christopher D. Bright*
                                                                           Christopher D. Bright
                                                                           Mary D. Hallerman
                                                                           Christopher M. Franich
                                                                           Morgan R. Povinelli

                                                                            Mary D. Hallerman (D.C. Bar No. 1004505)
                                                                            Morgan R. Povinelli (D.C. Bar No. 1723448)
                                                                            mhallerman@swlaw.com
                                                                            mpovinelli@swlaw.com
                                                                            2001 K Street NW
                                                                            Suite 425 North
                                                                            Washington, D.C. 20006
                                                                            Telephone:    202.908.4261
                                                                            Facsimile:    202.925.5956

                                                                            Christopher D. Bright (D.C. Bar No. 474488)
                                                                            cbright@swlaw.com
                                                                            600 Anton Blvd, Suite 1400
                                                                            Costa Mesa, California 92626-7689
                                                                            Telephone:    714.427.7000
                                                                            Facsimile:    714.427.7799

                                                                            Christopher M. Franich
                                                                            cfranich@swlaw.com
                                                                            Executive Center Del Mar
                                                                            12230 El Camino Real, Suite 300
                                                                            San Diego, California 92130
                                                                            Telephone:    858.434.5020
                                                                            Facsimile:    858.434.5006

                                                                            *Attorneys for Defendants CivitasDX LLC and Cognitive Medical Systems, Inc.*


Dated: February 24, 2025                               */s/ Todd M. Reinecker*
                                                                            Todd M. Reinecker (Bar No. 900240063)
                                                                            *treinecker@pilieromazza.com*
                                                                            Zachary S. Stinson (Bar No. 1013536)
                                                                            *zstinson@pilieromazza.com*
                                                                            **PILIEROMAZZA PLLC**
                                                                            1001 G Street NW, Suite 1100
                                                                            Washington, D.C. 20001
                                                                            (202) 857-1000 (main)
                                                                            (202) 857-0200 (fax)

*Attorneys for Defendants Client First Technologies, Inc., and Kila Thomas*

Dated:  February 24, 2025		SAUL EWING LLP

*/s/ Henry A. Platt*
Henry A. Platt (D.C. Bar No. 425994)
1919 Pennsylvania Avenue NW, Suite 550
Washington, D.C. 20006
Tel: (202) 342-3447
Fax: (202) 337-6065
henry.platt@saul.com

Jacob A. Tosti (admitted *pro hac vice*)
131 Dartmouth Street, Suite 501
Boston, MA 02116
Tel: (617) 912-0968
jacob.tosti@saul.com

*Counsel for Defendants Science Applications International Corporation and Halfaker and Associates, LLC*